## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

KEVIN OGDEN,

      Petitioner,

v.                                                         No. 23-cv-447-JB-KBM

ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO, NEIL TURNER,
GUADALUPE COUNTY CORRECTIONAL
FACILITY,

      Respondents.

**ORDER DIRECTING AMENDMENT, DENYING MOTION TO EXCEED THE PAGE
LIMIT, AND REQUIRING AN INMATE ACCOUNT STATEMENT**

THIS MATTER is before the Court on Petitioner Kevin Ogden's handwritten Petition for
a Writ of Habeas Corpus. (Doc. 1) (the "Petition"). Also before the Court are Petitioner's Motion
to Exceed the Page Limit (Doc. 2), and his Motion for Leave to Proceed *In Forma Pauperis*
(Doc. 4). Ogden is a state prisoner, proceeding *pro se*. If Ogden intends to proceed in forma
pauperis, he must submit an inmate account statement reflecting transactions for the six-month
period preceding the Petition. If Ogden wishes to pursue habeas relief, he must file an amended
petition, clarifying his habeas claims. The amended petition must not not exceed twenty-seven
pages.

    1.   Ogden's Motion for Leave to Proceed *In Forma Pauperis* is Incomplete

Ogden's Motion to Proceed in Forma Pauperis (Doc. 4) does not include a six-month
inmate account statement, as required by 28 U.S.C. § 1915(a)(2).  Ogden must cure this deficiency
within thirty-days of entry of this Order by submitting an account statement reflecting transactions
between November 22, 2022 and May 22, 2023.  The failure to timely comply may result in

dismissal without further notice.

2.  Ogden Must Amend His Pleadings to Comply with Fed. R. Civ. P. 8(a)

Because Ogden is incarcerated, the Petition is subject to *sua sponte* screening.  *See* 28 U.S.C. § 1915A (requiring screening of prisoner civil rights complaints); Habeas Corpus Rule 4(a) (requiring screening of habeas claims). The Court must dismiss any pleading that is frivolous, malicious, or fails to state a cognizable claim.  *Id.*  The Court cannot perform its screening function because Ogden's claims are not clearly stated.  Instead of providing a short and plain statement showing his entitlement to relief and specifying the relief he seeks, as required by Rule 8(a) of the Federal Rules of Civil Procedure, the Petition comprises 228 pages of allegations, arguments, authorities, and exhibits. "It is not the role of . . . the court . . . to sort through a lengthy, poorly drafted complaint and voluminous exhibits in order to construct [a petitioner's] causes of action." *McNamara v. Brauchler*, 570 F. App'x 741, 743 (10th Cir. 2014). Ogden will therefore be required to clarify his claims by filing an appropriate habeas petition on a form provided by the Court. The amended petition must comply with Rule 8(a). It must clearly identify the number of the criminal case (or cases) to which his request for relief is addressed, specify grounds for relief state the facts supporting each ground, and state the relief requested. *See* Habeas Rule 2(b). Ogden's Motion to Exceed the Page Limit (Doc. 2) shall be denied, and the amended petition must not exceed twenty-seven pages.

3.  Challenges to the Validity of a Sentence Must be Brought Under 28 U.S.C. § 2254.

Ogden appears to challenge the validity or legality of his state conviction. *See* (Doc. 1). Claims of this nature are governed by 28 U.S.C. § 2254.  *Davis v. Roberts*, 425 F.3d 830, 834 (10th Cir. 2005) ("To the extent [the petitioner] is challenging the validity or legality of the sentence he is currently serving, his claim should be brought under § 2254."), *Montez*, 208 F.3d at 865 (a

challenge to the validity of a conviction or sentence is properly brought under § 2254).

Ogden is advised that Petitions for a writ of habeas corpus under § 22554 must generally be filed within one year after the defendant's conviction becomes final. The one-year limitation period applicable to a § 2254 petition can be extended:

(1)     While a state habeas petition is pending, § 2244(d)(2);

(2)     Where unconstitutional state action has impeded the filing of a federal habeas petition, § 2244(d)(1)(B);

(3)     Where a new constitutional right has been recognized by the Supreme Court, § 2244(d)(1)(C); or

(4)     Where the factual basis for the claim could not have been discovered until later, § 2244(d)(1)(C).

Equitable tolling may also available "when an inmate diligently pursues his claims and demonstrates that the failure to timely file was caused by extraordinary circumstances beyond his [or her] control." *Marsh v. Soares,* 223 F.3d 1217, 1220 (10th Cir. 2000). Ogden is further advised that the Court may also lack jurisdiction over the Section 2254 claims if he has challenged the conviction in a prior habeas petition.  If Ogden wishes to pursue relief under § 2254, he should file a § 2254 petition using the form provided by the Court. In addition to the pleading requirements discussed in Section 2, Ogden should clearly identify the state court case number associated with the challenged conviction; state whether he has filed any prior habeas claims challenging that conviction; and, if the claims are not successive, address the timeliness of the petition.

4.   Challenges to the Execution of a Sentence Must be Brought Under 28 U.S.C. § 2241

28 U.S.C. § 2241 allows state prisoners to collaterally attack the execution of their sentences in federal court. *Montez v. McKinna*, 208 F.3d 862, 865 (10th Cir. 2000); *Davis v.*

3

*Roberts*, 425 F.3d 830, 833 (10th Cir. 2005); ("[A] challenge to the execution of a sentence should be brought [as a habeas petition] under 28 U.S.C. § 2241."). To the extent Ogden challenges "the fact or duration of his confinement and seeks immediate release or a shortened period of confinement[,]" *Palma-Salazar v. Davis*, 677 F.3d 1031, 1035 (10th Cir. 2012), he should file an amended § 2241 habeas petition on a form provided by the Court and consistent with the pleading requirements discussed in Section 2 of this Order.

**IT IS ORDERED** that:

(1)      The Motion to Exceed the Page Limit **(Doc. 2)** is **DENIED**.

(2)      Within **thirty days** of the entry of this Order, Ogden must (i) file an amended § 2254 or a habeas petition seeking relief under § 2241, consistent with the discussion set forth above; and (ii) file an inmate account statement reflecting transactions between November 22, 2022 and May 22, 2023. Failure to comply with both directives by the thirty-day deadline may result in dismissal of this case without prejudice.   The Clerk's Office shall Mail Ogden a blank § 2241 petition and a blank § 2254 petition.

United States Magistrate Judge