IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

KEVIN OGDEN,

        Petitioner,

vs.                                                                     No. CIV 23-0447 JB/KBM

NEIL TURNER, Warden; GUADALUPE
COUNTY CORRECTIONAL FACILITY and
ATTORNEY GENERAL OF THE STATE
OF NEW MEXICO,

        Respondents.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the Petitioner's Amendment to 28 U.S.C. § 2241 Petition, filed February 15, 2024 (Doc. 7)("Petition"), which the Court construes as an unauthorized successive petition under 28 U.S.C. § 2254. Ogden is incarcerated and proceeding pro se. See Petition at 2. He challenges his 1994 state convictions for murder and firearm violations. See Petition at 1-2. Because the Court lacks jurisdiction to consider successive habeas petitions without the United States Court of Appeals for the Tenth Circuit's prior authorization, the Court will dismiss the Petition without prejudice.

## BACKGROUND

The Court takes the following background facts from the Petition, the State court docket, and Ogden's prior federal habeas filings. See Petition at 2; State v. Ogden, No. D-1116-CR-9200455, Eleventh Judicial District Court, County of San Juan, State of New Mexico ("State Court Case"); Ogden v. Bravo, 35 Fed. App'x 722, 723 (10th Cir. January 28, 2002)("Ogden"). The State and federal dockets are subject to judicial notice. See United States v. Ahidley, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007)(recognizing that courts have "discretion to take judicial notice of

publicly filed records . . . and certain other courts concerning matters that bear directly upon the disposition of the case at hand").

In 1994, a jury convicted Ogden of first-degree murder of a community service officer and three counts of possessing a firearm as a felon. See Petition at 3; Ogden, 35 F. App'x at 723. The State Court sentenced Ogden to life imprisonment on the murder count and additional time on each of the firearms counts. See Ogden, 35 F. App'x at 723-24. The Supreme Court of New Mexico affirmed Ogden's convictions on direct appeal. See Ogden, 35 F. App'x at 724. Ogden then filed a State habeas petition, asserting forty-one claims of error, which the State court denied in March, 2001. See Ogden, 35 F. App'x at 724-25.

On June 5, 2001, Ogden filed his first 28 U.S.C. § 2254 habeas petition in this federal court. See Ogden v. Bravo, No. CIV 01-0658 JAP/RLP (D.N.M.), Petition for Writ of Habeas Corpus filed June 5, 2001 (Doc. 1)("First Petition"). The Honorable James A. Parker, United States District Judge for the United States District Court for the District of New Mexico, denied the First Petition with prejudice, and the Tenth Circuit affirmed. See Order Adopting the Magistrate Judge's Proposed Findings and Recommended Disposition, filed September 14, 2001 (CIV 01-0658, Doc. 14); Ogden, 35 Fed. App'x at 726. Ogden filed his second § 2254 petition on December 19, 2005. See Ogden v. Ulibarri, No. CIV 05-1316 JB/WPL (D.N.M.), Petition for Writ of Habeas Corpus, filed December 19, 2005 (Doc. 1)("Second Petition"). The Court transferred the Second Petition to the Tenth Circuit, in the interest of justice, so that Ogden could seek permission to raise a second/successive habeas claim under 28 U.S.C. § 2244. See Order for Transfer, filed January 17, 2006 (CIV 05-1316, Doc. 4). The Tenth Circuit dismissed the matter the following year for failure to prosecute. See Letter from Mathew J. Dykman to Kevin Ogden

(dated May 17, 2006), filed May 22, 2006 (CIV 05-1316, Doc. 5). Ogden filed his third § 2254 proceeding eight years later, on February 18, 2014. See Ogden v. New Mexico, No. CIV 14-0154 RB/LAM (D.N.M.), Motion to Request Permission to File Habeas Corpus Petition Pursuant to 28 U.S.C. § 2254 and 2241, filed February 18, 2014 (Doc. 1)("Third Petition"). The Third Petition acknowledged the limitation on successive habeas claims and sought permission to prosecute a new § 2254 action. See Third Petition at 1-2. The Honorable Robert C. Brack, United States District Judge for the United States District Court for the District of New Mexico, dismissed the Third Petition without transferring the matter to the Tenth Circuit. See Memorandum Opinion and Order of Dismissal, filed February 20, 2014 (CIV 14-0154, Doc. 2). Ogden filed a Fourth Petition on December 14, 2020. See Ogden v. Santisteven, No. CIV 20-1292 KWR/SMV (D.N.M.), Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus, filed December 14, 2020 (Doc. 1)("Fourth Petition"). The Honorable Kea W. Riggs, United States District Judge for the United States District Court for the District of New Mexico, dismissed the Fourth Petition without transferring the matter to the Tenth Circuit. See Memorandum Opinion and Order, filed January 28, 2021 (CIV 20-1292, Doc. 2). Ogden appealed that ruling to the Tenth Circuit, which entered an Order Denying Certificate of Appealability, filed May 3, 2021 (CIV 20-1292, Doc. 8).

Ogden then filed two petitions for a writ of habeas corpus in State court. The State court denied Ogden's first Habeas Corpus Petition, filed August 20, 2021, in the State Court Case, which the State Court denied on November 3, 2021. The Supreme Court of New Mexico denied Ogden's petition for a writ of certiorari on March 29, 2022. See Ogden v. Stephenson, No. S-1-SC-39274, Order Denying Petition. The State court also denied the Amended Petition, filed January 3, 2022, on February 15, 2022, in the State Court Case. The Supreme Court of New Mexico denied

Ogden's petition for a writ of certiorari on February 24, 2022.

Ogden commenced this case May 22, 2023.  See Petition at 1.  The Court referred the matter to the Honorable Karen B. Molzen, United States Magistrate Judge for the United States District Court for the District of New Mexico, on May 24, 2023.  See Order of Reference, filed May 24, 2023 (Doc. 3).  Because the Petition was 228 pages long, Magistrate Judge Molzen directed an amendment.  See Order Directing Amendment, filed January 31, 2024 (Doc. 6).  Ogden filed the present Petition on February 15, 2024.  He paid the $5.00 habeas filing fee on April 15, 2024.  See Filing Fee, filed April 15, 2024 (Doc. 8)(text-only entry).  The Petition is ready for sua sponte screening under Habeas Corpus Rule 4.

## LAW REGARDING § 2254 HABEAS CORPUS RELIEF

28 U.S.C. § 2254 and the Rules Governing Section 2254 Cases in the United States District Courts, effective Feb. 1, 1977, as amended Dec. 1, 2019 ("Habeas Corpus Rule"), govern the petition.  Habeas Corpus Rule 4 requires an initial review of habeas petitions.  See Habeas Corpus Rule 4(b).  "If it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief, the judge must dismiss the motion . . . ."  Habeas Corpus Rule 4(b).  "If the motion is not dismissed, the judge must order the United States attorney to file an answer, motion, or other response within a fixed time."  Habeas Corpus Rule 4(b).  As part of the initial review, courts may examine whether they lack jurisdiction over a habeas petition, because it is a second or successive petition.  See 1mage Software, Inc. v. Reynolds & Reynolds Co., 459 F.3d 1044, 1048 (10th Cir. 2006)(holding that courts may sua sponte examine their own jurisdiction at any stage in a proceeding).

Section 2254 provides that "a district court shall entertain an application for a writ of habeas

corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).  The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. 104-143 (1996), amended § 2254 so that § 2254 limits federal courts' power to grant an application for a writ of habeas corpus.  If, as in this case, the application includes a claim that a State court adjudicated on the merits, § 2254(d) expressly limits federal court review.  Under § 2254(d), a habeas corpus application

> shall not be granted with respect to [such a] claim . . . unless the adjudication of the claim:
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2).  Under this standard, a federal habeas court "reviews the specific reasons given by the state court and defers to those reasons if they are reasonable." Wilson v. Sellers, 584 U.S. 122, 125 (2018).  The standard is highly deferential to State court rulings and demands that the State court be given the benefit of the doubt.  See Harrington v. Richter, 562 U.S. 86, 101 (2011); Woodford v. Visciotti, 537 U.S. 19, 24 (2002)(per curiam).  The standard is difficult for petitioners to meet in federal habeas proceedings under § 2254.  See Cullen v. Pinholster, 563 U.S. 170, 181 (2011).

Section 2254(d)(1)'s reference to "clearly established Federal law, as determined by the Supreme Court of the United States," refers to the holdings of the Supreme Court of the United

States of America's decisions as of the time of the relevant State court decision.  <u>Williams v. Taylor</u>, 529 U.S. 362, 412 (2000).  Under § 2254(d)(1), a State court decision is "contrary to" the Supreme Court's clearly established law if it "applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or if it "confronts a set of facts that are materially indistinguishable from a decision of [the] Court and nevertheless arrives at a result different from precedent." <u>Williams v. Taylor</u>, 529 U.S. at 405-06.  A State court need not cite, or even be aware of, applicable Supreme Court decisions, "so long as neither the reasoning nor the result of the state-court decision contradicts them."  <u>Early v. Packer</u>, 537 U.S. 3, 8 (2002)(per curiam).

A State court decision is an "unreasonable application" of clearly established Supreme Court law if the decision "correctly identifies the governing legal rule but applies it unreasonably to the facts of a particular prisoner's case."  <u>Williams v. Taylor</u>, 529 U.S. at 407-08.  A court undertakes this objective unreasonableness inquiry in view of the governing rule's specificity: "The more general the rule, the more leeway courts have in reaching outcomes in case-by-case determinations."  <u>Yarborough v. Alvarado</u>, 541 U.S. 652, 664 (2004). An unreasonable application of federal law is not the same as an incorrect application of federal law.  See <u>Williams v. Taylor</u>, 529 U.S. at 410.  A federal court may not issue a habeas corpus writ merely because that court concludes the State court decision applied clearly established federal law erroneously or incorrectly; the application also must be unreasonable.  See <u>Williams v. Taylor</u>, 529 U.S. at 411; <u>Harrington v. Richter</u>, 562 U.S. at 98.  The AEDPA authorizes issuance of a writ only in cases where there is no possibility that fair-minded jurists could disagree that the State court's decision conflicts with Supreme Court precedents.  See <u>Harrington v. Richter</u>, 562 U.S. at 102.

**LAW REGARDING SUCCESSIVE § 2254 CLAIMS**

The AEDPA amended § 2254 limits federal courts' power to grant an application for a writ of habeas corpus. One such limitation is the jurisdictional bar applicable to second or successive habeas petitions. The district court automatically has jurisdiction over a defendant's first § 2255 proceeding. See 28 U.S.C. §§ 2254, 2244(a). Absent prior Court of Appeals authorization, however, district courts lack jurisdiction to consider second or successive § 2254 claims. See 28 U.S.C. § 2244(b)(3); In re Cline, 531 F.3d 1249, 1251 (10th Cir. 2008)("A district court does not have jurisdiction to address the merits of a second or successive § 2255 or 28 U.S.C. § 2254 claim until [the Tenth Circuit] has granted the required authorization.").

When the petitioner files a second or successive § 2254 petition in the district court without the required authorization, the district court may dismiss the petition or may transfer the matter to the Tenth Circuit if it determines that transfer is "in the interest of justice pursuant to [28 U.S.C.] § 1631." In re Cline, 531 F.3d at 1252 (quoting Coleman v. United States, 106 F.3d 339, 341 (10th Cir. 1997)). Factors to consider in evaluating whether a transfer is in the interest of justice include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

In re Cline, 531 F.3d at 1251. "Where there is no risk that a meritorious successive claim will be lost absent a § 1631 transfer, a district court does not abuse its discretion if it concludes it is not in the interest of justice to transfer the matter . . . ." In re Cline, 531 F.3d at 1252. To be meritorious, a second or successive claim must be based on a new rule of Constitutional law, made

retroactive to cases on collateral review, or newly discovered evidence establishing innocence. See 28 U.S.C. § 2244(b)(2).

## ANALYSIS

As an initial matter, Ogden seeks relief under § 2241, arguing that this relief is procedurally proper, "because § 2254 is not available." Petition at 1. In support of this proposition, Ogden cites Felker v. Turpin, 518 U.S. 651 (1996). In Felker v. Turpin, the Supreme Court of the United States held that the "gatekeeping system for second [or successive] petitions" that applies to applications filed in the federal district courts has no effect on the Supreme Court's authority to consider an original writ of habeas corpus pursuant to Supreme Court of the United States Rule 20.4(a), which provides:

> A petition seeking the Issuance of a writ of habeas corpus shall comply with the requirements of 28 U.S.C. §§ 2241 and 2242, and in particular with the provision in the last paragraph of § 2242 requiring a statement of the 'reasons for not making application to the district court of the district in which the applicant is held.' If the relief sought is from the judgment of a state court, the petition shall set forth specifically how and wherein the petitioner has exhausted available remedies in the state courts or otherwise comes within the provisions of 28 U.S.C. § 2254(b). To justify the granting of a writ of habeas corpus, the petitioner must show exceptional circumstances warranting the exercise of the Court's discretionary powers and must show that adequate relief cannot be obtained in any other form or from any other court. These writs are rarely granted.

Felker v. Turpin, 518 U.S. at 662-65. Felker v. Turpin, does not apply here.

In the Petition, Ogden raises numerous claims regarding the validity of his murder conviction, including a challenge to the probable cause for his arrest, challenges to the pretrial procedures in the State court, a speedy trial violation, a claim of ineffective assistance of counsel, and various issues related to the trial, including erroneous jury instructions, insufficient evidence, and erroneous evidentiary rulings. See Petition at 3-15. These claims, which attack his

conviction's validity, arise under § 2254.  See McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997); Lee v. Oliver, 574 Fed. App'x 846, 846 (10th Cir. 2014)(refusing to construe claims under § 2241, because "prosecutorial misconduct[] and ineffective assistance of counsel . . . challeng[e] the validity of [petitioner's] conviction and sentence" under § 2254).  They do not arise under § 2241, which is "is a vehicle for challenging pretrial detention . . . or for attacking the execution of a sentence."  Yellowbear v. Wyo. Att'y Gen., 525 F.3d 921, 924 (10th Cir. 2008).

As stated earlier, this Petition is Ogden's fifth § 2254 challenge to his 1994 state murder conviction.  There is no indication in the record that the Tenth Circuit has authorized Ogden to raise successive habeas claims.  Accordingly, the Court will evaluate whether to transfer such claims to the Tenth Circuit or to dismiss the claims for lack of jurisdiction.  See In re Cline, 531 F.3d at 1251.  Relevant factors include:

> [W]hether the claims would be time barred if filed anew in the proper forum, whether the claims alleged are likely to have merit, and whether the claims were filed in good faith or if, on the other hand, it was clear at the time of filing that the court lacked the requisite jurisdiction.

In re Cline, 531 F.3d at 1251.

Considering these factors, the Court determines it is not in justice's interest to transfer any successive habeas claims to the Tenth Circuit.  A successive challenge to Ogden's murder conviction is not likely to have merit, as Ogden does not cite a new rule of Constitutional law or new evidence.  See 28 U.S.C. § 2244(b)(2).  In addition, Ogden's § 2254 habeas claims are time barred.  Ogden is not proceeding in good faith.  He is fully apprised of the limit on this Court's jurisdiction over successive § 2254 habeas petitions, and Felker is not to the contrary.  For these

reasons, the Court declines to transfer this matter and will dismiss the Petition without prejudice for lack of jurisdiction.

The Court also will deny a Certificate of Appealability. Habeas Corpus Rule 11 requires "[t]he district court [to] . . . issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate may issue only "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, a petitioner must "demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). The Court concludes that this ruling is not reasonably debatable and will deny a Certificate of Appealability.

**IT IS ORDERED** that: (i) the Petitioner's Amendment to 28 U.S.C. § 2241 Petition, filed February 15, 2024 (Doc. 7), which the Court construes as an unauthorized successive petition under 28 U.S.C. § 2254, is dismissed without prejudice; (ii) a certificate of appealability is denied; (iii) Court will enter a separate Final Judgment closing this civil case; and (iv) the pending Motion for Leave to Proceed In Forma Pauperis, filed June 26, 2023 (Doc. 4), is denied as moot.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Kevin Ogden
Hobbs, New Mexico

    *Plaintiff pro se*